SCHNEIDER et al. v. FUCHS et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. PARTNERSHIP—ACTIONS—PROOF OF PARTNERSHIP.

A general denial in an action against several defendants as copartners puts in issue the existence of the copartnership, and no recovery can be had against defendants jointly, unless the proof shows such liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 416.]

2. DISMISSAL—MOTION TO DISCONTINUE.

A motion to discontinue an action brought against several defendants as copartners, made by plaintiff at the close of the entire case, should be granted, where he failed to prove a copartnership.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 14.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Meyer Schneider and another, copartners, against Charles Fuchs and another, copartners as Fuchs & Grillo. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Robert J. Robeson, for appellants.

Morris Rothenberg, for respondents.

PER CURIAM. The defendants are proceeded against as copartners, and, without any evidence establishing the existence of that relation, judgment was rendered against them as such for $121.50. The pleadings were oral. The action was for work, labor, and services and materials furnished, and the answer to the plea a "general denial and misjoinder." The copartnership was put in issue by the general denial, and no recovery could be had against the defendants jointly, unless the proof showed such liability. Counsel for plaintiffs at the close of the entire case conceded that he had failed to prove a copartnership by asking for leave to discontinue the action; but the court declined to grant the motion, and decided the case as above indicated. The motion should have been granted.

The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event.